# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No. 3:18-cr-00158 |
| | ) | CHIEF JUDGE CRENSHAW |
| DARLIN ALVARADO-VALASQUEZ | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After an Indictment was returned charging Darlin Alvarado-Velasquez with unlawful reentry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326(a), Magistrate Judge Newbern entered an Order (Doc. No. 16) setting forth conditions for his release pursuant to the Bail Reform Act of 1984 ("BRA"), 18 U.S.C. § 3141, *et seq.* By separate Order (Doc. No. 18), she stayed the ruling to allow the Government to appeal the decision to this Court. The Government chose not to appeal. Instead, Alvarado-Velasquez remained in custody pursuant to a detainer issued by the Immigration and Custom Enforcement ("ICE") agency.

This turn of events prompted Alvarado-Velasquez to file a Motion to Dismiss With Prejudice (Doc. No. 19), in which he relied on cases like United States v. Ventura, 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017); United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167, 1180-81 (D. Or. 2012); and United States v. Blas, 2013 WL 5317228, at *6-8 (S.D. Ala. Sept. 20, 2013) that discussed the interplay between the BRA and the Immigration and Nationality Act of 1965 ("INA"), 8 U.S.C. § 1101, *et seq.*, and held that there is no ICE detainer exception to the BRA. As the court in Ventura explained:

> The Government cannot and should not have it both ways. The United States Attorney's Office and ICE/DHS [Department of Homeland Security] are part of one

> Executive Branch. As such, the Executive Branch should decide where its priorities lie: either with a prosecution in federal district court or with removal of the deportable alien. Courts "addressing the possibility of deportation during a criminal prosecution have explained that the Executive Branch has two choices when an alien unlawfully present in the United States after prior removal is facing criminal prosecution: The DHS may proceed administratively with deportation, or defer removal for the alien to face criminal prosecution." . . . What the Government cannot do is "proceed on a dual criminal prosecution and deportation track[.]"

2017 WL 5129012, at *2 (internal citations omitted). (E.D.N.Y. Nov. 3, 2017).

In response to the requested dismissal with prejudice, the Government primarily relied upon United States v. Hernandez-Hernandez, Slip op. 18-cr-00030 (EAW)(JJM) (W.D.N.Y. April 23, 2018), an unpublished Report and Recommendation. There, the Magistrate Judge "perceive[d] no 'clear and manifest' intention by Congress supportive of defendant's position that the Bail Reform Act supersedes ICE's independent statutory authority under the INA to detain [a defendant]", and recommended a finding that ICE detention in such circumstances did not violate the BRA, at least where there is no evidence that it took "the defendant into administrative custody for purposes of delivering him for criminal trial or to avoid the pretrial release provisions of the" BRA. (Id. at 4, 6).

On July 27, 2018, the Court held a hearing on Alvarado-Velasquez's Motion to Dismiss, and afforded the parties an opportunity to file supplemental briefs. On August 3, 2018, in conjunction with the filing of its supplemental brief, the Government filed a Motion to Dismiss Without Prejudice (Doc. No. 28), asserting that Alvarado-Velasquez's removal was in process. Shortly thereafter, "in an abundance of caution," Alvarado-Velasquez filed a response, again requesting that any dismissal be with prejudice. (Doc. No. 29 at 1). Less than a week later, and before the Court could rule on the pending Motions to Dismiss, the Government filed a Notice indicating "that the defendant was flown from the United States to Guatemala on Thursday, August 9, 2018" and he

"has, therefore, been removed from the United States." (Doc. No. 30 at 1).

With Alvarado-Velasquez no longer in the country and outside this Court's jurisdiction, the only remaining question is whether dismissal of the Indictment should be with or without prejudice. This is purely an academic exercise if Defendant remains outside the United States. Nevertheless, because (1) the Government has filed its Motion under Rule 48(a) of the Federal Rules of Criminal Procedure; and (2) Defendant has been returned to Guatemala thereby undercutting the suggestion that ICE detained him for purposes of the criminal trial, the Court will dismiss this case without prejudice. Furthermore, by objecting to the Government's Motion to Dismiss with Prejudice, Defendant has likely preserved the issue should he later return to the United States and be re-indicted on the same charges, Welborn, 849 F.2d 980, 984 (5th Cir. 1988); United States v. Loveland, No. 1:11 CR 13, 2011 WL 4857980, at *2 (W.D.N.C. Sept. 7, 2011); United States v. Case, No. 3:06-CR-210-WHB-JCS, 2008 WL 1827429, at *7 (S.D. Miss. Apr. 23, 2008), meaning that he can re-raise the issue should future circumstances so warrant.

Rule 48(a) provides in relevant part that "[t]he government may, with leave of the court, dismiss an indictment, information or complaint." Fed R. Crim. P. 48(a). Notwithstanding the language of the rule, "[t]he trial court has little discretion in considering a government motion to dismiss made pursuant to Federal Rule of Criminal Procedure 48(a)." United States v. Smith, 55 F.3d 157, 159 (4th Cir. 1995) (citation omitted). Not only have some courts employed a presumption that a prosecutor acts in good faith when seeking a dismissal without prejudice, see e.g., United States v. Palomares, 119 F.3d 556, 558 (7th Cir. 1997) and United States v. Dyal, 868 F.2d 424, 428 (11th Cir. 1989), "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging,

3

when the Government moves to dismiss an indictment over the defendant's objection." Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977) (collecting cases); accord United States v. Stapleton, 297 F. App'x 413, 430 (6th Cir. 2008). "Put succinctly, a Rule 48 motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted." United States v. HSBC Bank USA, N.A., 863 F.3d 125, 141 (2d Cir. 2017) (citation omitted, emphasis in original).

"Some courts of appeals that have elucidated this 'public interest' test have stressed how 'severely cabined' it is, 'equat[ing] a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial' – in other words, bad faith." Id. (quoting In re Richards, 213 F.3d 773, 787–88 (3d Cir. 2000)). Thus, "[a] district court is 'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion." United States v. Mujahid, 491 F. App'x 859, 860 (9th Cir. 2012) (citation omitted).

Although the Court is unable to find "bad faith" for purposes of the Rule 48(a) analysis, this is not to say that the Court endorses what occurred in this case and, in particular, the Government (through ICE) ignoring Magistrate Judge Newbern's release Order. "By delivering the defendant to the United States Attorney's office in this case, rather than simply deporting him immediately, ICE yielded to the judgment of the prosecutorial arm of the Executive Branch that the public's interest in criminally prosecuting the defendant was greater than the public's interest in swiftly deporting him." United States v. Marinez-Patino, No. 11 CR 064, 2011 WL 902466, at *7 (N.D. Ill. Mar. 14, 2011). "[W]hile Congress may not have contemplated the intersection of the BRA and

4

the INA in a case such as this one, [it is] safe to say Congress would expect two agencies from the same branch of government to work cooperatively and to refrain from acting irrationally." Id. Because such inter-agency cooperation should be the norm, the Court fully expects compliance with its Order, and the Government has now been placed on notice, the ruling may be quite different should the same circumstances arise again in the future. Indeed, if the Executive Branch voluntarily and unilaterally ignores the Orders of the Judicial Branch, we no longer respect or adhere to "the rule of law."

Accordingly, the Court rules as follows:

(1) The Government's Motion to Dismiss (Doc. No. 28) is hereby **GRANTED**, and the Indictment (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

(2) Defendant's Motion to Dismiss With Prejudice (Doc. No. 19) is **DENIED.** Said denial is without prejudice to refiling such a Motion should Defendant return to the United States, and be charged with being unlawfully present in the Middle District of Tennessee between June 6, 2013 and May 27, 2018 in violation of 8 U.S.C. § 1326(a) as charged in the Indictment that was returned in this case.

The Clerk of the Court shall **CLOSE** this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE